Kivett v. Kivett.

CLARA E. KIVETT, APPELLEE, V. OSCAR KIVETT, APPELLANT.

FILED NOVEMBER 16, 1923.   No. 22575.

Divorce: NONSUIT: SEPARATE MAINTENANCE. Where the trial of a suit by a wife for an absolute divorce and permanent alimony results in general findings and a judgment in favor of the husband, a subsequent order on the husband in the same case for

separate maintenance on application of the wife may be erroneous, if made without notice to the husband who had no knowledge of the motion or an opportunity to resist it.

APPEAL from the district court for Webster county: WILLIAM A. DILWORTH, JUDGE. *Reversed.*

*Bernard McNeny,* for appellant.

*E. G. Caldwell* and *Harry S. Dungan, contra.*

Heard before LETTON, ROSE and GOOD, JJ., SHEPHERD, District Judge.

ROSE, J.

This is a suit by a wife against her husband for a divorce on the ground of extreme cruelty. Defendant denied the charges made against him. Upon a trial of the case the district court made a general finding in favor of defendant and denied plaintiff a divorce. This action, according to the journal entry, was taken March 4, 1921. The journal entry also recites that the trial court, on motion of plaintiff, made an order March 7, 1921, allowing plaintiff separate maintenance and directing defendant to pay her monthly instalments of $25 until the further order of the court. Afterward defendant applied for an order striking from the decree that part of the journal entry appearing under the date of March 7, 1921, on the ground that it was made upon the hearing of plaintiff's motion without notice to, or knowledge of, defendant or his counsel, after the litigation had apparently ended in an involuntary nonsuit. The trial court declined to change the journal entry, and defendant appealed.

The question is not one of jurisdiction to allow separate maintenance after the making of a formal order denying a divorce or to correct a journal entry, but is one of assigned error in the proceedings. In her petition plaintiff prayed for an absolute divorce and for permanent alimony without an alternative plea or a specific prayer for separate maintenance. The defense was formally sustained and relief

denied on the issues raised by the pleadings on which the parties went to trial. The contest seemed to result in a dismissal of the suit. Under the circumstances defendant should have had notice of the application for separate maintenance and an opportunity to resist it before being concluded by a decree. In overruling the motion to strike from the journal entry the order made without notice or an opportunity for defendant to be heard, the trial court made a mistake. For the purpose of correcting the error, the judgment below is reversed and the cause remanded for further proceedings.

REVERSED.